UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 24-6120

**Case Name** Raniere v. Garland, et al.

**Counsel submitting this form** Arthur L. Aidala, Esq.

**Represented party/parties** Plaintiff, Keith Raniere

*Briefly describe the dispute that gave rise to this lawsuit.*

The lawsuit in question arises from Plaintiff's claim that officials at the U.S. Penitentiary in Tucson, Arizona (USP Tucson), have retaliated against him for engaging in constitutionally protected activities. The prison officials at the USP Tucson, under the direction of Defendants, have interfered with Plaintiff's rights pursuant to U.S. Const. Amend. I and VI, namely his access to the courts and communication with legal counsel. Such interference has hindered his ability to challenge his conviction.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

*Briefly describe the result below and the main issues on appeal.*

The U.S. District Court for the District of Arizona granted Summary Judgment in favor of Defendants, dismissing Plaintiff's claims without prejudice for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA). The court found that Plaintiff did not demonstrate that administrative remedies were unavailable, despite his assertions of retaliation, lack of access to grievance forms, and procedural obstacles while housed in the Special Housing Unit (SHU). On appeal, Plaintiff will argue that the District Court erred in finding that he failed to properly exhaust available remedies and failed to account for significant barriers to exhaustion, including intentional interference by prison officials, denial of access to necessary forms, and retaliatory actions that effectively rendered the grievance process unavailable. Morever, Plaintiff will argue that the Court has erred in not finding that the BOP National Office's retaliatory action is effectively unavailable within an administrative remedy process and that, as such, Plaintiff had effectively exhausted all available administrative remedies. See further issues within the enclosed Memorandum Questionnaire Addendum.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

**Signature** /s/ Arthur L. Aidala      **Date** 10/22/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 7**                                        *Rev. 09/01/22*

2

## MEDIATION QUESTIONNAIRE ADDENDUM

Plaintiff will further challenge the Court's denial of his requests for supplemental filings, asserting that excusable neglect, the lack of prejudice for Defendants, and the circumstances in SHU justified the need for additional time and supplemental filings, especially because they pertained to the recitation of the Statement of Facts and Controverting Statement of Facts. Such supplemental filing would have allowed Plaintiff to demonstrate his version of the facts, as well as the specific areas of Defendants' Statement of Facts that are admitted, disputed, and/or objected to. Furthermore, it would have helped the Court in its assessment of the case in the interest of justice.

DATED: New York, New York
October 22, 2024

**AIDALA BERTUNA & KAMINS, P.C.**

/s/ *Arthur L. Aidala*
Arthur L. Aidala, Esq.
546 5th Avenue, 6th Floor
New York, New York
(212) 486-0011
aidalaesq@aidalalaw.com

*Attorneys for Plaintiff Keith Raniere*